# Exhibit A

After Recording Return to:

Bayview Loan Servicing, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146



610  087135968  MOD 001  001

*[Space Above This Line For Recording Data]*

### LOAN ADJUSTMENT AGREEMENT

### NOTICE: BALLOON AMORTIZATION MODIFICATION

This loan adjustment agreement is made and entered into as of January 06, 2015 (the Effective Date ), by and between, Bayview Loan Servicing, LLC, ("Servicer") and NAZMI A YOUSEF ("Borrower").

### RECITALS

A. Servicer is the holder or servicing agent of the holder of that certain Promissory Note ("Note") dated 01/14/2005, executed by Borrower or Borrower's predecessor-in-interest in the original principal sum of $245,000.00 .

B. The note evidences a loan ("Loan") to Borrower or Borrower's predecessor-in-interest on 01/14/2005, in the original principal sum of $245,000.00 along with a Deed of Trust or Mortgage ("Security Instrument") securing said Note. The Security Instrument creates a secured lien on certain real property ("Property") owned by Borrower (and is more specifically described in the Security Instrument). The Note and Security Instrument and all other loan documents related to the Loan are hereinafter collectively referred to as the "Loan Documents".

C. Due to adverse economic circumstances, Borrower has requested Servicer to adjust the scheduled amortization of the Note to permit Borrower to meet Borrower's obligations to Servicer in full and in a timely manner. The requested adjustment will benefit Borrower, Servicer and any junior lien holder, by avoiding the possible foreclosure of the Loan by Servicer. Accordingly, it is considered to be in the best interest of all concerned to enter this Loan Adjustment Agreement ("Agreement").

D. Borrower hereby agrees that this Agreement may only become effective upon Borrower s completion of the Stipulation Agreement dated January 06, 2015. If Borrower successfully completes all the terms of said Stipulation, Servicer will execute this Agreement and adjust the Loan accordingly. However, said execution is subject to Borrower's addressing and clearing of any and all title issues to Servicer s satisfaction.

E. Both Borrower and Servicer hereby agree that Servicer may, in its sole discretion, record this Agreement.

### AGREEMENT

NOW, THEREFORE, Borrower and Servicer hereby agree as follows:

**1. NOTE MODIFICATIONS:**
   **(a) Outstanding Debt:**
   Borrower agrees that the unpaid principal balance due on the Note of    $235,329.38 , shall be increased by $170,533.62 the amount of the unpaid installments, interest, late charges, fees and costs, and, if applicable, any advances for unpaid property taxes and/or insurance premiums ("Unpaid Sums Due"), for a total unpaid principal balance due of $405,863.00 ("New Balance"). Based on the consideration listed above, and other good and valuable consideration, Servicer agrees to defer and waive interest upon $48,863.00 ("Deferred Balance") of the New Balance until the loan matures on 02/01/2035 at which time the Deferred Balance shall be immediately due and payable as a balloon payment, as well as any outstanding amounts due under the terms of the mortgage. In the event that the Deferred Balance is not paid timely as agreed or in the event of a default under this agreement or the loan documents, interest shall accrue on the Deferred Balance at the rate in effect on the loan immediately prior to maturity or the time of default, and will adjust thereafter according to the terms of the Note. Borrower agrees to the accuracy of the allegations contained in the above Recitals as well as to the authenticity and validity of each document referred to herein and to the validity of the unpaid sums due and the New Balance. Borrower agrees to pay the Unpaid Sums Due to Servicer and that he/she has no defenses, claims, or offsets with respect thereto. Interest and payments will accrue on the New Balance at the interest rates, whether adjustable, variable or fixed, provided in the Note, unless modified by this Agreement.

(b) New Monthly Payments, Payment Adjustments:

$235,707.73 of the Interest Bearing Principal Balance shall be an interest bearing balloon (the "Balloon payment") and I will pay interest on this amount in my monthly modified payment. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|-----------------------|-------------------|----------------------------|
| 1-5 | 2.000% | 01/01/2015 | $1,081.09 | $908.67 | $1,989.76 | 02/01/2015 | 60 |
| 6 | 3.000% | 01/01/2020 | $1,255.97 | Adjust Annually | Adjust Annually | 02/01/2020 | 12 |
| 7-21 | 3.875% | 01/01/2021 | $1,418.79 | Adjust Annually | Adjust Annually | 02/01/2021 | 169 |

"One additional final payment of the estimated balloon amount of $235,707.73 will be due on 02/01/2035."

Effective on 01/01/2021, Borrower's rate of interest will be 3.875% and will remain fixed for the remaining life of the loan.

(c) New Maturity Date:
The maturity date will be 02/01/2035, on which date any unpaid interest and all other sums due shall be paid in full.

**2. ESTABLISHMENT OF IMPOUND/ESCROW ACCOUNT:**
Borrower acknowledges that Servicer will establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence. Servicer will analyze the impound/escrow account from time to time. As a result of this analysis, the escrow portion of Borrower's monthly payment may change. Borrower further acknowledges that the escrow portion of his/her monthly payment may be substantially higher than the estimate. (Note: In certain states, impound/escrow accounts do not collect for payment of taxes pertaining to Bond/Special Assessments and Irrigation/Water District).

**3. AGREEMENT NOT TO ENCUMBER:**
Borrower agrees that it will not voluntarily or involuntarily: (i) grant any interest in or option with respect to, any of the Property; or (ii) create or permit to exist any lien, security interest, or other charge or encumbrance upon or with respect to any of the Property, except for Servicer's already existing security interest and lien, or sell the Property for the benefit of itself or any party or in any manner other than that contemplated by this Agreement.

**4. ASSIGNMENT OF LEASES AND RENTS AND RECEIVERSHIP:**
The existing Mortgage and Note shall be amended to include the following: In the event the loan is in default and Borrowers are generating any gross income from the property by virtue of a tenancy or any other arrangement, Borrowers agree to irrevocably and assign rents and transfer to Servicer the right title and interest of Borrower in all existing and future leases and agreements whether or not in writing, and any rents and deposits derived and collected therefrom, affecting and pertaining to the use enjoyment or occupancy of any part of the premises. Borrower consents to the entry by Servicer, Servicer's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Borrower further consents and waives opposition to the appointment of a court appointed Receiver in the event the loan is in default.

**5. CHANGE IN FINANCIAL STATUS:**
In the event Borrower or any successor or assignee, shall (i) file with any bankruptcy court of competent jurisdiction or made the subject of any petition under Title 11 of the United States Code, as amended ("Bankruptcy Code"); (ii) be the subject of any order for relief issued under the Bankruptcy Code; (iii) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (iv) have sought, or consented to, or acquiesced in, the appointment of by any court of competent jurisdiction approving a petition filed against such party for any reorganization, any trustee, receiver, conservator, or liquidator; or, (v) be the subject of any order, judgment or decree entered arrangement composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors, then, subject to court approval, Servicer shall thereupon be entitled and Borrower irrevocably consents to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code or otherwise, on or against the exercise of the rights and remedies otherwise available to Servicer, including, but not limited to, immediate termination of this Agreement and filing and/or proceeding with the foreclosure and damage action, and any other remedy as otherwise provided at law in equity, and Borrower hereby irrevocably agrees that he/she shall not object to and hereby irrevocably waives his/her rights to object to Servicer's requests for such relief. This provision is a material inducement for Servicer to enter into this Agreement.

**6. NO OTHER CHANGES:**
Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations, and conditions in the Note and the Security Instrument remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the Note, as modified by this Agreement. None of Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein. Nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument whether such rights or remedies arise herein or by operation of law. Any inserted terms, changes or additions to this Agreement will immediately render it null and void. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing the below Borrower has voluntarily signed this Agreement.

AM011  Deferred Modification Agreement Letter Fixed (Step Rate) V 1.5 Loan No.: 658377

### 7. NO RELIANCE; CONSTRUCTION:

Each of the parties hereto hereby declares that, prior to the execution of this Agreement, they have apprised themselves of sufficient relevant data in order that they might intelligently exercise their own judgments in deciding on the contents of this Agreement and whether to execute this Agreement. Borrower declares that his/her decision to execute this Agreement is not as a result of undue influence or duress, and not predicated on or influenced by any declarations or representations not set forth in this Agreement, by Servicer, or any other person or party or any predecessors in interest, its successors, assigns, officers, directors, employees, agents or attorneys. Each of the parties hereto hereby further acknowledges and agrees that each of them has had significant input in the development of this Agreement and this Agreement shall not therefore be construed.

### 8. NO ORAL MODIFICATION:

This Agreement may not be amended or modified in any way except by a written instrument executed by all of the parties hereto.

### 9. SUCCESSORS AND ASSIGNS:

This Agreement shall be binding upon and inure to the benefit of the signatories to this Agreement and each of their respective successors and assigns. The obligations of the signatories to this Agreement shall not be delegated or assigned.

### 10. ATTORNEY'S FEES:

In the event that any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement, then the prevailing party shall be entitled to recover all reasonable court costs and attorney's fees, at all levels.

MY LOAN, AS AMENDED BY THIS AGREEMENT, IS PAYABLE IN FULL AT MATURITY. I MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. UNLESS REQUIRED BY APPLICABLE LAW, THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. THEREFORE, UNLESS OTHERWISE REQUIRED BY LAW, I WILL BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT I MAY OWN, OR I WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER I HAVE THIS LOAN WITH, WILLING TO LEND ME THE MONEY. IF I REFINANCE THIS LOAN AT MATURITY, I MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF I OBTAIN REFINANCING FROM THE SAME LENDER.

Mortgage Electronic Registration System, INC- Nominee for Lender

IN WITNESS WHEREOF, Servicer and Borrower have executed this Loan Adjustment Agreement,

Borrower:

By: _____ Date: 2/3/15
NAZMI A YOUSEF

Servicer:

Glysette Piedra
First Vice President

By: _____ Date: 2/10/2015
Vice President, Bayview Loan Servicing, LLC

Licensed Loan Originator: Kenya Belliveau
MLO License Number: 976246
Direct: 877-650-0140 Ext. 3729 Monday - Friday 9:00 am to 6:00 pm ET
Fax: 877-360-9593

**NOTARY ACKNOWLEDGEMENT**

STATE OF _Illinois_ )
                              ) SS
COUNTY OF _Dupage_ )

On _February 3, 2015_, before me, _Gina M. Noto-Vasaitis_, a notary public for and within the said county, personally appeared, _Nazmi A. Yousef_

_____ as the Borrower(s), personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) on the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

By: _Gina M. Noto-Vasaitis_

Official Seal
Gina M Noto-Vasaitis
Notary Public State of Illinois
Commission Expires 12/03/2017

Notary Public: _Gina M. Noto-Vasaitis_

My Commission Expires: _12/03/2017_

AM013  Loan No.: 658377



**BAYVIEW**
LOAN SERVICING

Loan No  _6a58377_

SERVICER SIGNATURE:

| STATE OF FLORIDA | § |
| | § |
| COUNTY OF MIAMI DADE | § |

On _2/10/2015_ , before me, _ALEXANDRA MAESTU_ , a notary public for and within the said county, personally appeared, _GLYSETTE PIEDRA_ of Bayview Loan Servicing, LLC, as Servicer, whose address is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, Florida 33146, personally known to me (or provided to me on the basis of satisfactory evidence) to be the person(s) whose name is subscribed to the within instrument and acknowledge to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person acted, executed the instrument.

WITNESS my hand and official seal.



ALEXANDRA MAESTU
Commission # FF 127308
My Commission Expires
May 28, 2018

By: _____

Notary Public: ALEXANDRA MAESTU
Notary Public for the State of Florida
My commission expires: _05/28/2018_

Bayview Loan Servicing, LLC.
4425 Ponce de Leon Blvd, Coral Gables, 33146