UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAZMI A. YOUSEF,<br><br>    Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br>BAYVIEW LOAN SERVICING, LLC, and<br>WIRBICKI LAW GROUP, LLC,<br><br>    Defendants. | Case No: 18-cv-01103<br><br>Honorable Gary Feinerman |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing order, the parties submit the following Joint Initial Status Report.

**A. NATURE OF THE CASE**

    **1. Attorneys of Record**

      **Plaintiff Nazmi A. Yousef ("Yousef"):**

        Ross M. Zambon
        Zambon Law, Ltd. (*of counsel* Sulaiman Law Group, Ltd.)

        Nick Wooten
        Nick Wooten, LLC (lead trial counsel)

      **Defendants Bank of America, N.A. ("BANA") and
      Bayview Loan Servicing, LLC ("Bayview"):**

        James V. Noonan (lead trial counsel)
        Solomon Maman
        Robert E. Haney
        Noonan & Lieberman, Ltd.

      **Defendant BANA:**

        David F Pustilnik
        Winston & Strawn LLP (lead trial counsel to be determined)

      **Defendant Wirbicki Law Group, LLC ("Wirbicki"):**

        Thomas Joseph Cassady
        Wirbicki Law Group, LLC (lead trial counsel to be determined)

2. **Basis for Jurisdiction**

Yousef has federal claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2614, to support subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1337. Supplemental jurisdiction exists for the state law breach of contract and Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claim pursuant to 28 U.S.C. § 1367.

3. **Nature of Claims & Amount of Damages**

Yousef's FDCPA, ICFA, and breach of contract claims are founded upon allegations that Defendants employed unfair and deceptive debt collection practices related to Yousef's home mortgage loan account. Yousef alleged that, after he entered into a loan modification in January 2015, cured the default, and made all required loan modification payments, Defendants continued to treat Yousef's loan account as if it were in default and misapplied the payments – as if no loan modification existed. In the middle of 2017, after accepting more than two years of modification payments, Defendants began rejecting Yousef's payments, threatened Yousef with litigation, and actually filed a foreclosure action against Yousef in Illinois state court, again failing to acknowledge the operative loan modification.

Yousef's RESPA claims are founded upon allegations that Defendants did not timely investigate or properly respond to Yousef's written disputes known as "Notices of Error" and "Requests for Information." These disputes largely addressed Defendants' misapplication of payments, improper charges and fees, and failure to service the account in accordance with the loan modification.

Defendants have not raised any counterclaims.

**Amount of Damages and Relief Sought**

Yousef seeks his actual damages, statutory damages (FDCPA & RESPA), punitive damages (ICFA), as well as attorneys' fees and costs.

The major damages categories (actual and punitive) are unliquidated and Yousef's counsel generally requests damages in an amount as the jury deems proper and may award.

4. **Whether Defendants Will Answer the Complaint**

   All Defendants have answered the complaint.

5. **The Principal Legal and Factual Issues**

   Whether Defendants breached any contract with Yousef or committed any statutory violations of FDCPA, ICFA or RESPA. Whether Yousef sustained any damages and, if so, the nature and the amount of such damages.

6. **Service of Process**

   All Defendants have been served with process.

B. PROCEEDINGS TO DATE

   1. **Summary of Substantive Rulings**

      None.

   2. **Description of Pending Motions**

      None.

C. DISCOVERY AND CASE PLAN

   1. **Summary of Discovery That Has Already Occurred**

      Yousef and Defendants have submitted their MIDP initial written disclosures and document production.

   2. **Whether discovery will encompass ESI & the Parties Plan**

      Yousef anticipates ESI will be encompassed in the form of records from Bayview and BANA's mortgage servicing platform as well as electronic communications among Defendants' employees and agents regarding the mortgage loan account and the actions of Defendants while servicing Yousef's mortgage loan account.

3. **Proposed Scheduling Order**

26(a)(1) disclosures – The parties are operating under the MIDP and have submitted their initial written disclosures and document production. Proposed scheduling order:

Issue written discovery – July 23, 2018

Complete written discovery – September 23, 2018

Depositions to commence – September 23, 2018

Depositions to be completed by – November 23, 2018

Whether discovery should proceed in phases – Yes

The parties are unsure if expert discovery will be needed and suggest a status hearing after the close of fact discovery to address expert discovery.

**Dispositive motion cutoff (if expert discovery is waived):**

Deadline for amending pleadings and adding parties – December 23, 2018

File Dispositive motions – January 23, 2018

**Dispositive motion cutoff (with expert discovery):**

Deadline for amending pleadings and adding parties – December 23, 2018

Rule 26(a)(2) disclosures for Plaintiff – January 23, 2018

Plaintiff's expert deposition(s) completed by – February 23, 2018

Defendants' expert disclosures to Plaintiff – March 23, 2018

Defendants' expert depositions completed by – April 23, 2018

Dispositive motions filed by May 23, 2018

4. **Jury Demand**

Yousef has requested a jury trial.

5. **Estimated Length of Trial**

Yousef has requested a jury trial. The anticipated length of the trial is 6 days.

**D. SETTLEMENT**

Yousef and Defendants have exchanged counteroffers and working towards a global settlement. The Parties do not request a settlement conference at this time.

**E. MAGISTRATE JUDGE**

    1. **Whether the Parties Consent to Proceed Before a Magistrate Judge**

        The parties have not unanimously consented to proceed before a magistrate.

    2. **Any Matters Already Referred to the Magistrate Judge**

        None.

**Submitted by:**

*/s/ Ross M. Zambon*
Ross M. Zambon, #6294149
Zambon Law, Ltd. (*of Counsel* Sulaiman Law Group, Ltd.)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
rzambon@sulaimanlaw.com
*Attorneys for Nazmi Yousef*

*/s/ Robert E. Haney*
Robert E. Haney
James V. Noonan
Solomon Maman
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
jnoonan@noonanandlieberman.com
smaman@noonanandlieberman.com
rhaney@noonanandlieberman.com
*Attorneys for BANA & Bayview*

*/s/ David F. Pustilnik*
David F. Pustilnik
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
dpustilnik@winston.com
*Attorneys for BANA*

*/s/ Thomas Cassady*
Thomas Joseph Cassady
Wirbicki Law Group, LLC
33 W. Monroe, Suite 1140
Chicago, IL 60603
tcassady@wirbickilaw.com
*Attorneys for Wirbicki Law Group, Ltd.*